UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CR-7-TS |
| | ) | |
| ANDREW BRADSHAW | ) | |

**OPINION**

This matter is before the Court on the government's Notice of Intent to Use Other Crimes, Wrongs, or Acts as Evidence Pursuant to Rule 404(b), filed on August 15, 2005. The Defendant objected to the government's Notice in his Response, filed October 11, 2005. The government replied on October 21, 2005.

**A.    Background**

The Defendant is charged with possessing marijuana with the intent to distribute in violation of 21 U.S.C. § 841(a)(1), and with possessing a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Indictment 1–2.)

The charges relate to events occurring on September 1, 2004. On that day, the police department of Romulus, Michigan received an anonymous tip that the Defendant would check into a local hotel, where he would meet another individual to purchase marijuana. The Romulus Police monitored the hotel. The Defendant checked into the hotel and met with another individual, later identified as Duane Clark. The Romulus Police later arrested Clark and discovered marijuana in his vehicle, but they lost sight of the Defendant. The Romulus Police contacted the Indiana State Police and informed them of the suspected drug transaction and gave them the information they had on the Defendant.

The Indiana State Police spotted the Defendant's vehicle and he was pulled over for speeding.

The State Police determined that they had stopped the individual that the Romulus Police had alerted them to. The State Police removed a handgun from the Defendant's waistband. A search of the vehicle produced another handgun and five bags of marijuana.

**B.     Government's 404(b) Evidence**

The Defendant objects to evidence offered by the government concerning an incident in May 2003, in which the Defendant was investigated by the Fort Wayne Police Department for selling marijuana. The Defendant turned over 260 grams of marijuana to the police and stated that he sold marijuana to approximately fifteen people a day. He agreed to cooperate with the Fort Wayne Police against his source for marijuana. He agreed to stop selling, though he worried about how to explain the sudden halt. The next day, the Police learned that he was continuing to sell marijuana and asked him about his conduct. He turned over another 210 grams of marijuana. The Defendant arranged to buy five pounds of marijuana from his source. The source delivered just under four pounds, 1768.5 grams. With this assistance, the Police arrested the Defendant's source. The Defendant was not charged in the incident.

**C.     Analysis**

Federal Rule of Evidence 404(b) provides, in relevant part,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The Seventh Circuit has articulated a four-prong test for admissibility of Rule 404(b) evidence. The test is whether:

2

> (1) the evidence is directed toward establishing a matter in issue other than the defendant's propensity to commit the crime charged, (2) the evidence shows that the other act is similar enough and close enough in time to be relevant to the matter in issue, (3) the evidence is sufficient to support a jury finding that the defendant committed the similar act, and (4) the evidence has probative value that is not substantially outweighed by the danger of unfair prejudice.

*United States v. Denberg*, 212 F.3d 987, 992–93 (7th Cir. 2000).


**(1)**     *Purposes Other than to Show Propensity*

The government claims that the May 2003 incident is relevant to show the Defendant's intent, knowledge, motive, opportunity, and plan. Specifically, the government argues that the Defendant admitted to the Police that he sold marijuana and arranged a buy with his source for marijuana, and this is relevant to show that he intended to sell the marijuana found in his car in 2004. The May 2003 incident is also relevant to show the Defendant knew the substance he possessed was a controlled substance. Finally, the government argues that the evidence is relevant to prove motive and opportunity as to why the Defendant went to Michigan to obtain the marijuana.

To sustain a conviction on the charge of possession with intent to distribute a controlled substance, the government must establish that the Defendant knowingly or intentionally possessed a controlled substance, with the intent to deliver it to another person, and that he knew the substance possessed was a prohibited substance. *See United States v. Jones*, 248 F.3d 671, 675 (7th Cir. 2001). To convict a defendant in criminal cases, the government must prove each element, even those that the defendant does not specifically contest, beyond a reasonable doubt. *Estelle v. McGuire*, 502 U.S. 62, 69 (1991); *Jones*, 248 F.3d at 675 ("In all criminal cases, the government must prove each element, even those that the defendant does not specifically contest, beyond a reasonable doubt to convict a defendant."). "Intent to distribute drugs and knowledge that a particular substance is a narcotic often

3

are proven through testimony about prior sales of controlled substances." *United States v. Knox*, 301 F.3d 616, 619 (7th Cir. 2002) (quoting *Jones*, 248 F.3d at 675).

Evidence that the Defendant sold drugs in the recent past goes to the elements the government must prove: the Defendant knowingly or intentionally possessed a substance that he intended to distribute to another and he knew that it was some kind of prohibited substance. Introduction of the May 2003 drug transaction would tend to support the Government's allegation that the Defendant intended to distribute the drugs found in his vehicle and that he knew the recovered marijuana was an illegal substance.

Insofar as the government seeks to use the evidence to show motive for the Defendant's trip to Michigan, that use of the evidence is also permissible. Showing why the Defendant traveled to Michigan is clearly distinct from showing that the defendant has a propensity to commit drug crimes.

**(2)**     *Similarity*

The similarity prong of the 404(b) test need not be unduly rigid and "[s]imple differences in the type of conduct or charge at issue cannot defeat the similarity requirement." *United States v. Long*, 86 F.3d 81, 84 (7th Cir. 1996). The Seventh Circuit has held that when evidence is offered to prove intent, the degree of similarity is relevant only insofar as the acts are sufficiently alike to support an inference of criminal intent. . . .  The prior acts need not be duplicates of the one for which the defendant is now being tried." *United States v. Lloyd*, 71 F.3d 1256, 1264–65 (7th Cir. 1995). "[S]imilarity means more than sharing some common characteristics; the common characteristics must relate to the purpose for which the evidence is offered." *Long*, 86 F.3d at 84 (quoting *United States v. Torres*, 977 F.2d 321, 326 (7th Cir. 1992)).

4

Here, the purpose for which the government seeks to use the May 2003 incident relates to intent and knowledge to sell a controlled substance. The possession and sale of marijuana about sixteen months earlier is sufficiently similar to the charged conduct of possessing marijuana with the intent to sell to meet the second prong of the test. The government explains the main difference in the events—the Defendant drove to Michigan to purchase marijuana rather than buying it locally in Indiana—by noting that the Defendant assisted in the Police's arrest of his local source thus necessitating the use of a new source. The Defendant has not pointed out any dissimilarities that weigh against the use of the evidence. The Court finds the similarities in the charged conduct and the Defendant's conduct in the May 2003 incident are sufficiently related so as to be relevant to show intent, knowledge, and motive.

**(3)    *Sufficiency***

The third prong requires that the evidence be sufficient to support a jury finding that the Defendant committed the act sought to be admitted. The government seeks to introduce testimony from Fort Wayne Police and the ATF regarding the May 2003 incident and has submitted police reports to the Court. The Defendant does not dispute the Government's allegations and does not argue that the Government's evidence is insufficient to support a jury finding that the Defendant committed the act as alleged by the government. Rather, the Defendant argues that the evidence regarding the May 2003 incident is inadmissible because in cooperating with the Police, the Police agreed not to use the confiscated marijuana against him in any way. The government disagrees and says that no such agreement was made; the Fort Wayne Police agreed only not to charge him. The Defendant has offered no evidence of such an agreement and the Court finds the evidence admissible.

The Court finds that the evidence is sufficient for the jury to conclude by a preponderance of the evidence that the act occurred and that the Defendant was the one who committed it, thus meeting the third prong of the *Denburg* test for admission of other acts under Rule 404(b).

**(4)**     *Probative Value and Danger of Unfair Prejudice*

The fourth prong of the test requires that the evidence have probative value that is not substantially outweighed by the danger of unfair prejudice. Evidence is unfairly prejudicial only to the extent that it will cause a jury to decide the case on improper grounds. *Jones*, 248 F.3d at 676. Where the evidence presented is primarily directed toward elements of the crime that the government is required to establish, the jury's use of Rule 404(b) evidence on the relevant issues does not constitute unfair prejudice. *Id.* Further, a limiting instruction given by the court is effective and proper to reduce or eliminate the potential of the jury to use the evidence to infer a propensity of the defendant to distribute drugs. *Id.; see also Jones*, 248 F.3d at 676 (assuming that juries follow a court's instructions); *Denberg*, 212 F.3d at 994.

The Defendant argues that because the government has plenty of other evidence on the issues of intent and knowledge, the additional probative value of the May 2003 incident is minimal, and thus, is substantially outweighed by the danger of unfair prejudice that arises from admitting the Defendant's past wrongs.  The Defendant points to the amount of drugs obtained by the Police when the Defendant was arrested as sufficient evidence of intent to distribute.

Evidence regarding the May 2003 incident tends to show that in this case, the Defendant had knowledge that the drugs he possessed were controlled substances and that the Defendant intended to distribute the drugs. The government must prove these issues beyond a reasonable doubt. The probative

6

value of this evidence is not significantly diminished by the fact that the amount of drugs found in the Defendant's car suggests the drugs were not for personal use. The amount of drugs goes towards the issue of intent but not to knowledge. Also, the evidence has probative value to explain why the Defendant traveled to Michigan to buy marijuana. The danger of unfair prejudice involved in admitting the evidence—that the jury may conclude that because the Defendant sold drugs 16 months ago, he is guilty in this instance—is not so substantial as to outweigh the probative value of the evidence as to the Defendant's intent and knowledge. A limiting instruction will reduce the danger of unfair prejudice to the Defendant as well. Thus, the Court concludes that the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice.

## ORDER

The Court finds that evidence regarding the May 2003 drug transaction is admissible under Rule 404(b) for purposes of the Defendant's intent and knowledge regarding the possession of marijuana with intent to distribute as charged in the indictment. Also, the evidence is admissible to explain the Defendant's motive in traveling to Michigan to purchase drugs. The Defendant's objections are overruled. The Court will give a limiting instruction to the jury consistent with this Opinion. A Telephone Scheduling Conference is SET for Thursday, October 27, 2005 at 11:00 AM before Judge Theresa L. Springmann.

SO ORDERED on October 25, 2005.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN, JUDGE
UNITED STATES DISTRICT COURT