UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:05-CR-7-TS |
| | ) | |
| ANDREW BRADSHAW | ) | |

**OPINION AND ORDER**

This matter is before the Court on the government's motion in limine, filed on August 15, 2005. The government seeks the exclusion of statements made by the Defendant to police officers and argues that the officers' testimony as to what was said by the Defendant is hearsay. The government also seeks the exclusion of any statement by the Defendant that relates to his Fourth Amendment rights, as the Court has already decided that the officers' search and arrest of the Defendant did not violate the Defendant's rights. (Opinion and Order, July 1, 2005; DE 32.) The Defendant filed his Response on October 11, 2005, arguing that the Defendant's statements made on the video fall within hearsay exceptions for state of mind and present sense impression.

**A.      Defendant's Exculpatory Statements to Police Officers**

The government is correct that the Defendant's statements to officers are inadmissible if they are stated for the truth of the matter asserted and fall within no hearsay exception. The Seventh Circuit addressed this issue in *United States v. Jackson*, 780 F.2d 1305 (7th Cir. 1986). In *Jackson*, the defendants challenged a district court ruling excluding exculpatory statements made by the defendants to a wired informant. The *Jackson* court upheld the district court's decision, rejecting the defendants' arguments that the statements were not hearsay, that the statements were evidence of

1

state of mind, and that the statements fell within the catchall exception.

Whether the challenged statements are hearsay or fall within a hearsay exception depends highly on the facts and the nature of the statements. If the Defendant's exculpatory statements at the time of his arrest are offered to prove the Defendant's innocence, they are hearsay. To the extent the statements describe or explain an event and were made while the Defendant was perceiving the event, the statements fall within the exception in Federal Rule of Evidence 803(1). It is not the case as the Defendant argues, that "any statement that Defendant made at the time of his arrest and during his seizure and detention, demonstrate the present sense impression." Besides being contemporaneous with the events, to be within the state of mind exception a statement must "describe an event or condition without calculated narration" and the event must have been personally perceived. *Cody v. Harris*, 409 F.3d 853, 860 (7th Cir. 2005). Thus, unless the exculpatory statement describes what the defendant was experiencing, it is not a present sense impression. To the extent the statements describe the Defendant's state of mind at the time he was speaking, they are not hearsay under FRE 803(3), though statements of belief offered to prove the fact believed are not within the exception. Finally, all evidence must be relevant and the probative value of the statements must not be substantially outweighed by the dangers of unfair prejudice, confusing the issues, or misleading the jury.

Beyond this general framework, the Court must wait until the evidence is presented and look to the specific statements and the purposes for which the statements are submitted before it determines whether the statements are hearsay or within a hearsay exception.

**B.     Defendant's Statements Relating to the Officers' Search**

The Court's Opinion and Order of July 1, 2005, rejected the Defendant's claims that his Fourth Amendment Rights were violated when the police searched his car and arrested him. The government seeks to bar statements made on video that relate to the Defendant's claims that his Fourth Amendment rights were violated. The Court does not see how the challenged statements might tend to make the existence of any fact of consequence more or less likely to have occurred, and thus, the statements are not relevant under FRE 401. Statements relating to the Fourth Amendment rights of the Defendant have no relevance at trial because the issue has been decided and the issue has no bearing on whether he committed the crime for which he was charged. If the statements do have any probative value, it is substantially outweighed by the danger of misleading the jury and the danger of confusing the issue of the Defendant's guilt or innocence with the issue of the propriety of the police search. In the Court's opinion, the evidence is not relevant under FRE 401 and 402, and even if it could somehow be characterized as relevant, it would be inadmissable under FRE 403.

**C.     Conclusion**

The government's motion in limine is GRANTED in part and evidence inconsistent with this Order will not be admitted.

SO ORDERED on November 28, 2005.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
